■ In the Matter of the Claim of MARION S. WOODWORTH, Respondent, v. COUNTY OF ONONDAGA — SHERIFF'S DEPT., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of death benefits to the widow of decedent on the grounds that there is no substantial evidence upon which the board could find death resulted from an accidental injury arising out of and in the course of employment. Decedent, employed by the County of Onondaga as a Deputy Sheriff, was normally assigned as a court attendant to the Supreme Court. Since the Supreme Court was not in session decedent on the date of his demise was temporarily assigned to patrol duty. At about noon decedent and his companion on patrol duty, Deputy George Manzer also regularly a court attendant, responded to a call concerning an accident on the Fayetteville-Manlius Road in the County of Onondaga. On arriving at the scene decedent reported to Deputy Edwin Marsh who was already in the process of investigating the accident. A few minutes later as the ambulance departed with the accident victim decedent began to direct traffic when he suddenly collapsed and died from what was diagnosed as "an acute massive coronary". It is uncontroverted that decedent tried to make himself useful in the emergency but there is sharp disagreement as to whether the record contains substantial evidence that decedent undertook any physical activity that could be denominated strenuous or unusual, especially whether he assisted in the lifting of the stretcher to the ambulance, and exhibited any "nervous excitement" upon which a finding of an accident could be based. It is undisputed that decedent had a pre-existing heart condition which was unknown to his employer. There is the usual conflict of medical testimony as to whether death resulted from decedent's pre-existing heart condition or the physical activity and emotional stress experienced by decedent and if this were all that were here involved we would find little difficulty in affirming the board (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). The difficulty here lies in the board's finding of accidental injury arising out of and in the course of employment. To sustain this award it is necessary that the activity involved "entail greater exertion than the ordinary wear and tear of life, and that the heart attack should have been produced by the 'unusually hard' work thus demanded." (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326.) The only possible physical activity which could conceivably meet this test was decedent's alleged lifting of the stretcher. Neither the board nor the Referee specifically found that decedent had engaged in lifting the stretcher and instead relied on a general statement that decedent's actions while present at the scene of the accident "involved some physical activity." This may be true, but the record does not reveal that the activities, other than the stretcher lifting engaged in by decedent, taken as a whole, meet the test set out in *Burris* (*supra*) and the cases decided thereafter. Where, as here, the central and only substantial issue is

whether or not decedent lifted, carried and again lifted this heavy burden and the proof thereof depends solely upon the credibility of witnesses whose testimony was at variance with their previous statements in writing, the board is, in our view, required to find the fact with sufficient particularity to permit intelligent judicial review. In this case the finding of "some physical activity * * * coupled with the nervous excitement attendant thereto" is clearly inadequate and requires remittal to enable the board to formulate its decision in compliance with section 23. Similarly while under the proper circumstances emotional stress may satisfy the requirement of unusual or excessive strain (*Matter of Klimas* v. *Trans Caribbean Airways,* 10 N Y 2d 209; *Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506) we find no evidence of nervous excitement or emotional stress in the present record upon which the board could predicate an award (see *Matter of Cramer* v. *Barney's Clothing Store,* 15 A D 2d 329; *Matter of Coleman* v. *Guide-Kalkhoff-Burr,* 12 A D 2d 554; *Matter of Santacroce* v. *40 W. 20th St.,* 9 A D 2d 985, affd. 10 N Y 2d 855). Admittedly decedent's normal duties as a court attendant were sedentary in nature, and this was his first accident investigation. There was a group estimated at from 25 to 50 people present at the scene, and the Fayetteville-Manlius Road upon which decedent had commenced to direct traffic, although a secondary road, at times had a fair amount of traffic. The board seems to feel that these circumstances could have produced an unusual emotional stress but there is no indication in the present record that such was the actual case. In fact, the only witness who opined on the subject while stating that everyone appeared excited to a degree stated specifically that he could not say that decedent appeared "any more (excited) than anyone else." Decision and award reversed and claim remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., dissents in the following memorandum in which Coon, J. P., concurs: The sedentary court attendant on the day in question was directed for the first time as a Deputy Sheriff to proceed with an assistant and investigate a serious automobile accident which occurred during a severe rainstorm. Upon arrival he aided in the investigation and while helping to direct "a pile-up" of traffic, he fell dead. The decedent was one of three deputies assigned to the accident and a report made to the Sheriff's office stated: "Both deputies assisted in putting [injured man] in Eastern Ambulance". One of the surviving deputies testified that he remained in the Sheriff's vehicle throughout the investigation. Subsequently when the signer of the report testified he equivocated on the issue but the weight to be given the testimony was for the determination of the board. There were a few people at the scene of the accident and excitement prevailed as the injured laid upon the wet pavement demonstrating evidence of serious injury. From the record it is readily inferable that the investigating officer would be put to emotional and nervous tension and the board could properly take note of such human reactions. A deputy who had taken part in the investigation and who had investigated many other accidents was questioned concerning automobile accidents, "You don't get excited? A. Well, some ". Whether the decedent was helping with the stretcher, which the majority feels is essential, was a factual issue for the board. There is substantial evidence to sustain the board's finding of physical activity and nervous excitement. The factual situation further suggests that on this occasion there was an accident in the "common sense viewpoint of the average man". Accordingly, I would affirm the determination of the board.